UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | No. 04 B 15074 |
| K&R EXPRESS SYSTEMS, INC., | ) | Hon. John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |

FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC, COUNSEL FOR THE CHAPTER 7 TRUSTEE, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("**Shaw**"), counsel for David E. Grochocinski, the Chapter 7 Trustee (the "**Trustee**") of the estate of K&R Express Systems, Inc. ("**K&R**"or the "**Debtor**"), pursuant to Sections 330(a) and 331 of Title 11, Unites States Code (the "**Bankruptcy Code**"), respectfully presents its Final Application For Allowance of Compensation and Reimbursement of Expenses (the "**Application**"), and in support thereof, states as follows:

## INTRODUCTION

1. On April 15, 2004, certain creditors (the "**Petitioning Creditors**") filed an involuntary petition under Chapter 7 of the Bankruptcy Code against K&R, thereby commencing the above-entitled case (the "**Case**").

2. On April 23, 2004, an order for relief was entered and, on April 29, 2004, the Trustee was appointed to administer the Debtor's estate.

3. This Court has jurisdiction over the Case pursuant to Sections 157(b)(2)(A) and (O) and 1334 of Title 28, United States Code. This is a core proceeding pursuant to Section

157(b)(2)(A) of title 28, United States Code. Venue is proper pursuant to Sections 1408 and 1409 of title 28, United States Code.

4. The Debtor was an Illinois corporation. The Debtor's headquarters was located in Hinsdale, Illinois and its principal business was interstate trucking of "less than full load" trailers in the states surrounding Illinois.

5. Upon his appointment, the Trustee selected Shaw as his counsel in the Case.[1] On or about April 30, 2004, the Trustee filed his Application to Employ Shaw as his counsel (the "**Retention Application**"). On or about May 6, 2004, the Court conducted a hearing on the Retention Application and entered an order authorizing the Trustee to retain Shaw as counsel in the Case, effective as of April 29, 2004 (the "**Retention Order**").

## REQUEST FOR COMPENSATION AND EXPENSES

6. From and after the Trustee's appointment, Shaw served as legal counsel to the Trustee with respect to all bankruptcy matters that arose in or with respect to the Case. In connection therewith, Shaw provided substantial bankruptcy legal services to the Trustee, including analyzing the Debtor's assets, liabilities and financial affairs, advising the Trustee with respect to his rights and obligations under Chapter 7 of the Bankruptcy Code, drafting and presenting motions to this Court, assisting the Trustee in selling or abandoning the Debtor's assets, reviewing and responding to numerous motions filed by and inquiries made by creditors, investigating potential claims and causes of action against insiders and the Debtor's primary lender, preparing and prosecuting complaints to avoid and recover preferential and fraudulent

---

[1] Shaw had been counsel to the Petitioning Creditors in the Case.

{4585 MOT A0256499.DOC}                                    2

transfers, preparing and prosecuting objections to claims, and advising the Trustee with respect to numerous other administrative issues that have presented themselves during the Case.

7. On February 24, 2005, this Court entered an order awarding interim compensation in the amount of $65,612.66 to Shaw Gussis for services rendered and expenses incurred during the period of May 4, 2004 through December 31, 2004.

8. On September 14, 2006, this Court entered an order awarding interim compensation in the amount of $81,339.50 to Shaw Gussis for services rendered and expenses incurred during the period of January 1, 2005 through June 30, 2006.[2]

9. On April 23, 2007, this Court entered an order awarding interim compensation in the amount of $70,985.35 to Shaw Gussis for services rendered and expenses incurred during the period of July 1, 2006 through February 28, 2007.

10. On February 17, 2009, this Court entered an order awarding interim compensation in the amount of $53,054.03 to Shaw Gussis for services rendered and expenses incurred during the period of March 1, 2007 through January 31, 2008.

11. On February 17, 2009, this Court entered an order awarding interim compensation in the amount of $20,579.18 to Shaw Gussis for services rendered and expenses incurred during the period of February 1, 2008 through December 31, 2008.[3]

12. During the period of January 1, 2009 through February 28, 2010 (the "**Application Period**"), Shaw provided additional legal services in connection with its representation of the Trustee that have been divided into the following categories:

---

[2] The Court provisionally disallowed Shaw's request for fees in the amount of $6,990.50.

[3] The Court provisionally disallowed Shaw's request for fees in the amount of $812.50.

{4585 MOT A0256499.DOC}   3

A.  Case Administration. During the Application Period, Shaw represented the Trustee in connection with the preparation an application to employ an accountant and court appearances with respect to the employment application and applications for interim compensation. Attorneys at Shaw spent 2.50 hours on these matters during the Application Period and Shaw seeks $1,050.00 for these services.

B.  Creditors and Claims. During the Application Period, Shaw represented the Trustee in connection with resolution of improperly filed priority claims, which involved obtaining voluntary reclassifications and amendments of certain claims and preparing and prosecuting individual and omnibus objections. Attorneys at Shaw spent 59.80 hours on these matters during the Application Period and Shaw seeks $16,983.00 for these services.

C.  Fee Applications. During the Application Period, Shaw represented the Trustee in connection with the preparation of interim and final applications to compensation the Trustee's financial consultant and Shaw Gussis. Attorneys at Shaw spent 3.50 hours on these matters during the Application Period and Shaw seeks $1,470.00 for these services.

D.  Tax Issues. During the Application Period, Shaw represented the Trustee in connection with the resolution of income tax reporting issues with the Debtor's parent corporation's consolidated returns for the years covered by the administration of the Case. Attorneys at Shaw spent 5.40 hours on these matters during the Application Period and Shaw seeks $2,268.00 for these services

13.  The legal services provided by Shaw to the Trustee (the "**Services**") during the Application Period have involved a total of 71.20 hours on the part of attorneys Shaw, all as more fully set forth in detail in the attached Exhibit A. Based upon the customary and reasonable rates charged by Shaw for services in cases under the Bankruptcy Code and for services other

than services rendered in cases under the Bankruptcy Code, the fair and reasonable value of the Services is $21,771.00 (the "**Compensation Request**").

14. The hourly rates charged by the bankruptcy professionals of Shaw who worked on the Case and whose time is part of the Services are as follows:

| **Of Counsel** | **Hours** | **Rate**[4] | **Amount** |
|---|---|---|---|
| Richard M. Fogel, Bankruptcy | 14.10 | 420.00 | $5,922.00 |
| **Associates** | **Hours** | **Rate** | **Amount** |
| Kimberly A. Bacher, Bankruptcy | 57.10 | 270-290 | $15,849.00 |

These rates are based on the experience and expertise of the respective personnel.

15. Shaw has conscientiously attempted to avoid having multiple attorneys appear, confer or convene on behalf of the Trustee. However, due to the complexity of the Debtor's financial affairs and its relationship with its insiders and lender, there were occasions when it was necessary for two attorneys, one a litigator and one a bankruptcy attorney, to attend a meeting to strategize on issues in connection with Shaw's prosecution and settlement of the adversary complaint. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

16. In addition to rendering the Services as above set forth, Shaw made disbursements and cash advances for and on behalf of the Trustee (the "**Expenses**") in the aggregate sum of $480.60 during the Application Period for which reimbursement is requested (the "**Expense Reimbursement Request**"), all of which are detailed in Exhibit A. The Expenses consist primarily of photocopying, overnight delivery and messenger services, postage, long distance telephone charges and travel expenses. In an effort to keep the costs associated with the

---

[4] On January 1, 2010, Shaw increased the billing rates for certain attorneys and paraprofessionals.

provision of the Expenses to a manageable and reasonable level, Shaw has elected not to charge for either the transmission or receipt of any telefaxes. All of the Expenses were reasonable in amount and were properly made, and Shaw respectfully requests that an Order be entered authorizing reimbursement of the Expenses.

17. As additional overview for the Court, Shaw provides the following information respecting the methods it uses to record and charge various types of expenses, as follows:

A. <u>Overnight Delivery and Messenger</u> - overnight deliveries and messenger deliveries are arranged directly with the service provider. Shaw uses Federal Express for overnight delivery and utilizes the software program provided by Federal Express to generate the bills of lading, which bills include the client number for each such delivery. Federal Express transmits a monthly invoice to Shaw for all delivery services, each entry of which is identified by Shaw's client number. This data is entered into the Shaw billing system by client number. Messenger delivery is arranged on a case-by-case basis. Each delivery is given a delivery ticket with a client number. Shaw is billed monthly for these charges, and the charges are entered into the Shaw billing system by client number. Shaw seeks reimbursement only for the actual out-of-pocket charges incurred by it for overnight delivery and messenger service.

B. <u>Photocopying</u> - photocopying charges are recorded on a computer key pad attached to the photocopying machine. The person wishing to make copies enters the client number to which the job should be charged. A printout of the charges, by client number, is extracted from the photocopying machine at least once a month. Thereafter, the data is entered into the Shaw billing system by client number. Certain larger copying jobs are sent to an outside copying service. Shaw seeks reimbursement for internal photocopying charges at the rate of $.10

per page, and Shaw seeks reimbursement for the actual out-of-pocket charges incurred by it for outside photocopying services.

C. Travel Expenses - each person who engages in travel on behalf of a client submits a Travel Expense Reimbursement Report, including appropriate receipts, to the Shaw accounting department. This data is then entered into the Shaw Billing system by client number. Shaw seeks reimbursement only for the actual out-of-pocket charges incurred by it for travel.

## NOTICE

18. A notice of the hearing on the Application has been served by the Clerk of the Court on all creditors and parties in interest.

**WHEREFORE**, Shaw seeks the entry of an Order:

A. Granting allowance of the Compensation Request respecting the Chapter 7 Services in the amount of $21,771.00 and allowance of the Expense Reimbursement Request in the amount of $480.60 (collectively, the "**Final Award**");

B. Authorizing and directing the Trustee to pay to Shaw the Final Award in the amount of $22,251.60 from available estate funds; and

C. Granting such other and further relief as to the Court shall seem just and proper.

Dated: March 31, 2010

                              Respectfully submitted,

                              **SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC**

                              */s/ Richard M. Fogel*
                              Attorneys for the Trustee