UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:  K AND R EXPRESS SYSTEMS INC.,   Case No. 04-15074-JS
K AND R EXPRESS SYSTEMS INC.

Debtor(s)

OBJECTION OF TEAMSTERS NATIONAL FREIGHT INDUSTRY
NEGOTIATING COMMITTEE, INTERNATIONAL BROTHERHOOD OF TEAMSTERS
AND ITS AFFILIATED LOCAL UNIONS TO TRUSTEE'S FINAL REPORT

The Teamsters National Freight Industry Negotiating Committee and Local Union Nos. 20, 26, 41, 50, 89, 100, 120, 135, 200, 279, 299, 325, 264, 371, 406, 407, 413, 600, 662, 695, 705 and 710, all affiliated with the International Brotherhood of Teamsters, and their members formerly employed by K & R Express Systems, Inc., through their attorneys, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., by Frederick Perillo and Jill M. Hartley, hereby object to the Trustee's Final Report as follows:

1. The Teamsters National Freight Industry Negotiating Committee ("TNFINC"), and Local Unions all affiliated with the International Brotherhood of Teamsters are "representatives" of employees of the Debtors, and timely filed a claim with the Court alleging that the Debtors, on or about March 26, 2004, ceased all operations, closed its plants and terminals and other places of business and effected a mass layoff of their employees represented by the Brotherhood in violation of 29 U.S.C. §2101, et seq., ("the WARN Act").  The claim also alleged that the members were owed vacation pay and other wages and benefits earned under a collective bargaining agreement.

2. TNFINC's claim for plant closing damages under the WARN Act and for wages and benefits due to its affected members who were former employees of the Debtors, totaled $5,496,126.75, including $1,551,375.00 in claims entitled to priority under then 11 U.S.C. §507(a)(3).

3. The Trustee's Final Report identifies TNFINC's priority claim of $1,551,375.00 as an Allowed Priority Claim, but proposes no payment on the claim and contains no explanation for the proposed payment of $0.00.

4. TINFINC is the exclusive bargaining representative of its members pursuant to 29 U.S.C. §158, et seq. and is authorized to settle bankruptcy claims on behalf of its members, in particular WARN Act claims. See United Food and Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544 (1996).

5. TNFINC is a creditor of the bankruptcy estate for all wages and other benefits owed under the collective bargaining agreement to any of its members. The union has the sole and exclusive power to enforce even uniquely personal rights of employees such as the right to collect their wages or vacation pay created under a collective bargaining agreement. United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 699-700 (1966) ("There is no merit to the contention that a union may not sue to recover wages or vacation pay claimed by its members pursuant to the terms of a collective bargaining contract....This conclusion is unimpaired by the fact that each worker's claim may also depend upon the existence of his individual contract of employment."). In bankruptcy, this sole and exclusive power makes the union the creditor with the legal power to bind each one of its members (with respect to their claims that arise under the collective bargaining agreement). E.g., In re Altair Airlines, 727 F.2d 88 (3rd Cir. 1984)

(the union rather than the individual employee is the "creditor" of the debtor and is the entity owning the claims arising under collective bargaining agreements). TNFINC and Teamster local unions have the right to enforce member claims arising under the collective bargaining agreement without individual authorizations from each worker. U.S. Truck Co. v. Teamsters, 89 Bankr. 618 (E.D. Mich. 1988).

6.    TNFINC is aware of at least three individuals who were employees of the Debtors at the time Debtors closed all plants and terminals who were members of a Teamster Local Union and thereby covered by TNFINC's claim, who have been excluded from the distribution proposed in the Trustee's Final Report. Although these members, Travis Howard, David Hedges and William Bryant did not file individual proofs of claim, they are entitled to the same recovery as other Union members based upon the Union's class claim on behalf of all bargaining unit members, as are any other bargaining unit members who did not file individual claims.

7.    To the extent that the Trustee's denial of the Brotherhood's allowed priority claim for wages and benefits due to its members by virtue of the Debtors' mass layoff does not provide for recovery to all members, including those who did not file individual proofs of claim, the Brotherhood objects to the Trustee's Final Report and proposed payment of allowed priority claims.

8.    The Brotherhood further objects to the Trustee's Final Report to the extent that it identifies the allowed amount of its members' priority claims as $3,169.24, instead of the then maximum allowed priority of $4,925.00 under former §507(a)(3), and proposes payment based upon the lesser identified allowed priority claim amount and not the maximum amount of $4,925.00.

3

Dated: June 14, 2010.

　　/s/ Jill M. Hartley_____
Frederick Perillo
Jill M. Hartley
PREVIANT, GOLDBERG, UELMEN, GRATZ,
MILLER & BRUEGGEMAN S.C.
Suite 202
1555 North RiverCenter Drive
Milwaukee, Wisconsin 53212
P.O. Box 12993
(414) 271-4500

Attorneys for the International Brotherhood of Teamsters, the Teamsters National Freight Negotiating Committee, and Local Unions Nos. 20 et al., and their members, the Employee Claimants